UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN T. HIGGINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PEABODY PROPERTIES,<br><br>　　　　Defendant. | No. 19-cv-11319-DLC |

**REPORT RECOMMENDING DISMISSAL OF COMPLAINT *SUA SPONTE***

CABELL, U.S.M.J.

　　Pro se plaintiff John Higgins has brought a negligence suit against his landlord, Peabody Properties. He alleges that the interior of his Melrose, MA apartment has an "unhealthy environment" that has caused him "problems with sleeplessness, headaches and nose problems." He alleges that the landlord has failed to satisfactorily address the issue and he seeks $21,000,000 in damages.

　　Notwithstanding the plaintiff's assertion on the complaint form that there is federal court jurisdiction because the case presents a federal question, this court reads the complaint as alleging a common law landlord-tenant dispute which fails to raise a constitutional issue or implicate a federal statute or regulation. Accordingly, on June 26, 2019, the court ordered the plaintiff to show cause why his lawsuit should not be dismissed

for lack of federal jurisdiction, or to file an amended complaint providing a basis for federal jurisdiction.  (D. 5).

On July 15, 2019, the plaintiff submitted a bare response stating nothing more than that he opposed dismissal of his complaint.  (D. 6; "Plaintiff opposes court[']s directives to dismiss complaint").  As such, the plaintiff has failed to address the jurisdictional issue the court has identified.  Consequently, the court is constrained to conclude that on the basis of the present record, the court lacks federal subject matter jurisdiction to hear the plaintiff's complaint.  The court notes further in this regard that there is also no basis to assert jurisdiction on the basis of diversity of citizenship where the complaint avers that the landlord's office is located in Braintree, MA.

I order therefore that the case be redrawn for assignment to a district judge, and recommend upon reassignment that the case be dismissed, without prejudice.[1]

---

[1] The plaintiff is hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b), if he objects to this recommendation he must file specific written objections thereto with the Clerk of this Court within 14 days of his receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  The plaintiff is further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Keating v. Secretary of Health and Human Servs., 848 F.2d 271 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:  August 21, 2019

---

Cir. 1980); *United States v. Vega*, 678 F.2d 376 (1st Cir. 1982); *see also Thomas v. Arn*, 474 U.S. 140 (1985).